Marcus LAWSON, James Mancuso, As attorney in fact for Louis V. Mancuso and Lee Mancuso, on behalf of himself and all others similarly situated, Plaintiffs–Appellants,

v.

The CITY OF BUFFALO, and Diane Y. Devlin, In her official capacity as Associate Judge of the Buffalo City Court Assigned to Housing Court, Defendants–Appellees.

Docket No. 02–7204.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

James Ostrowski, Buffalo, NY, for Appellants.

David R. Hayes, Assistant Corporation Counsel, City of Buffalo, Buffalo, NY, for City of Buffalo, Victor Paladino, Assistant Solicitor General, State of New York, New York, NY, for Diane Y. Devlin, for Appellees.

Present: F.I. PARKER, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants Marcus Lawson, James Mancuso, and Lee Mancuso appeal from the July 31, 2001 judgment dismissing, on abstention grounds, their complaint against defendants-appellees the City of Buffalo and Diane Y. Devlin, in her official capacity as Associate Judge of the Buffalo City Court,[1] and denying their motions for injunctive relief, summary judgment, class certification and attorney's fees. The complaint alleged that defendants violated plaintiffs' due process rights in the course of criminal proceedings in the Buffalo City Court when the court ordered the demolition of plaintiffs' homes. The complaint also posed a facial challenge to § 204 of the Buffalo City Housing Court Act, Chap. 516 of the Laws of New York, 1978, and sought declaratory and permanent injunctive relief ordering the defendants to refrain from demolishing buildings as part of criminal proceedings.

■ The district court dismissed the Mancuso plaintiffs' claims for injunctive relief on *Younger* abstention grounds. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The plaintiffs argue that *Younger* abstention was inappropriate because they face irreparable harm (*e.g.,* demolition of the Mancusos' house). The district court correctly declined to apply the "irreparable harm" exception to *Younger* abstention because there is no demolition order currently in effect, and any demolition order issued in the future, if unlawful, could be challenged on appeal in state court. *See Diamond D Constr. Corp. v. McGowan,* 282 F.3d 191, 201 (2d Cir.2002) (exception to *Younger*

abstention requires "extraordinarily pressing need for immediate federal equitable relief"). Although not specifically addressed by the district court, it was also proper to dismiss the Mancusos' facial challenge to § 204 on *Younger* grounds. *See Samuels v. Mackell,* 401 U.S. 66, 72–73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *Hansel v. Town Court for Springfield,* 56 F.3d 391, 393 (2d Cir.1995).

■ The district court correctly dismissed the plaintiffs' remaining claims for monetary damages under the *Rooker–Feldman* doctrine, as they seek damages in conjunction with the orders of demolition entered against them in state court. *See Hachamovitch v. DeBuono,* 159 F.3d 687, 693–94 (2d Cir.1998). Plaintiffs could have raised their due process challenges in the state proceedings or on appeal, and indeed, Lawson's as-applied challenge was squarely rejected by the Erie County Court on appeal. *See id.* at 695 ("[A]t a minimum, ... where a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), subsequent litigation of the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion."); *Moccio v. New York State Office of Ct. Admin.,* 95 F.3d 195, 198–200 (2d Cir. 1996). Lawson is also collaterally estopped from pursuing his facial challenge to § 204 because he litigated his due process claims in state court (as he himself argued in his petition for *certiorari*). *See Temple of Lost Sheep Inc. v. Abrams,* 930 F.2d 178, 183 (2d Cir.1991).

Finally, Lawson's request for attorney's fees pursuant to 42 U.S.C. § 1988 was properly denied; although the defendants agreed to what the plaintiffs described as a "temporary preliminary injunction," the

---

1. The Mancusos' case is now assigned to Judge Joseph Fiorella. Under Federal Rule of Appellate Procedure 43(c)(2), Judge Fiorel-la is thus automatically substituted as defendant.

district court did not address the merits of Lawson's claims, which were ultimately either mooted or dismissed. *See LaRouche v. Kezer,* 20 F.3d 68, 74–75 (2d Cir.1994). This Court has considered all of the plaintiffs' other arguments and found them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.