15-863-cv
Falco v. Justices of the Matrimonial Parts of the Sup. Ct. of Suffolk Cnty.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued: October 5, 2015                    Decided: November 12, 2015)

Docket No. 15-863-cv

_____

Gabriel R. Falco,

*Plaintiff-Appellant*,

v.

Justices of the Matrimonial Parts of the
Supreme Court of Suffolk County,

*Defendants-Appellees*.[*]

_____

Before:

SACK, LOHIER, and CARNEY, *Circuit Judges*.

Plaintiff-appellant Gabriel R. Falco appeals from an order of the United States District Court for the Eastern District of New York (Bianco, J.) granting defendants' motion to dismiss based on the Younger abstention doctrine. Courts should abstain from exercising jurisdiction only in three "exceptional circumstances," including where there are "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013). Because exercising jurisdiction in this case would interfere with a State court's ability to appoint an attorney for Falco's children in his

---

[*] The Clerk of Court is directed to amend the caption of this case as set forth above.

ongoing divorce and custody proceedings, we **AFFIRM** the decision of the District Court.

PATRICIA WEISS, Sag Harbor, NY, *for Plaintiff-Appellant*.

MARK H. SHAWHAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for Defendants-Appellees*.

LOHIER, *Circuit Judge*:

Gabriel R. Falco appeals from a judgment of the United States District Court for the Eastern District of New York (Bianco, J.) granting the defendants' motion to dismiss Falco's complaint based on the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Because abstention was warranted under Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584 (2013), we affirm the decision of the District Court.

**BACKGROUND**

In 2013 Falco sued his wife for divorce and sought custody of their two children in New York State Supreme Court, Suffolk County. In these circumstances, New York law permits a State court to appoint an attorney to represent the couple's children. See N.Y. Fam. Ct. Act § 249; N.Y. Jud. Law

2

§ 35(3). At a preliminary conference, Falco and his wife agreed to the appointment, but they disagreed about how the attorney would be paid. Although Falco contended that he could not afford to do so, the State court ultimately ordered Falco and his wife each to pay half of the attorney's retainer and fees, subject to reallocation at trial. When Falco failed to comply with the order, the State court ordered him to show cause why he should not be held in contempt.

During the course of the divorce proceedings, Falco commenced an action in federal court under 42 U.S.C. § 1983 challenging the constitutionality of the New York laws that authorize State judges to order parents to pay for attorneys appointed for their children. See Falco v. Justices of the Matrimonial Parts of the Sup. Ct. of Suffolk Cnty., No. 14-cv-29, 2015 WL 778354, at *1-2 (E.D.N.Y. Feb. 24, 2015). The defendants, all justices of the Matrimonial Parts of the Supreme Court, Suffolk County, moved to dismiss the complaint on Younger abstention grounds. Citing our decision in Spargo v. New York State Commission on Judicial Conduct, 351 F.3d 65 (2d Cir. 2003), the District Court granted the motion and dismissed the complaint.

This appeal followed.

3

**DISCUSSION**

We review the District Court's decision to abstain <u>de</u> <u>novo</u>. <u>Cf.</u> <u>Hartford Courant Co. v. Pellegrino</u>, 380 F.3d 83, 90 (2d Cir. 2004).

In granting the defendants' motion to dismiss, the District Court relied entirely on our decision in <u>Spargo</u>. There we held that district courts must abstain whenever the three conditions identified in <u>Middlesex County Ethics Committee v. Garden State Bar Association</u>, 457 U.S. 423 (1982), were satisfied: "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." <u>Spargo</u>, 351 F.3d at 75; <u>see</u> <u>Middlesex</u>, 457 U.S. at 432.

In <u>Sprint</u>, which was decided after <u>Spargo</u>, the Supreme Court cautioned that the "three <u>Middlesex</u> conditions . . . were not dispositive; they were, instead, additional factors appropriately considered by the federal court before invoking <u>Younger</u>." 134 S. Ct. at 593 (emphasis omitted). This was true in part, the Court explained, because relying on the three conditions alone "would extend <u>Younger</u> to virtually all parallel state and federal proceedings . . . where a party could identify a plausibly important state

4

interest." Id. Without completely casting aside the Middlesex conditions, the Court clarified that district courts should abstain from exercising jurisdiction only in three "exceptional circumstances" involving (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 591 (quotation marks omitted) (alteration omitted). The Court explained that "these three 'exceptional' categories . . . define Younger's scope." Id.

Although the Middlesex/Spargo conditions are not dispositive, it remains unclear how much weight we should afford these "additional factors" after Sprint. But we need not address that issue in this case. It is enough to say that the District Court erred by treating them as dispositive (rather than additional) factors and ignoring the straightforward categorical approach required by Sprint.

On de novo review, however, we independently conclude that Falco's case presents circumstances that qualify as "exceptional" under Sprint and that Younger abstention was therefore warranted. Falco's federal lawsuit implicates the way that New York courts manage their own divorce and

custody proceedings—a subject in which "the states have an especially strong interest." Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel, 490 F.2d 509, 516 (2d Cir. 1973) (Friendly, J.). In particular, Falco challenges the State court's order that he pay half the fees of the attorney appointed to represent his children in the divorce proceeding. Although there is some disagreement among New York courts about whether the fees for such court-appointed counsel should be borne by the public or by the parents, compare Redder v. Redder, 792 N.Y.S.2d 201, 204-05 (3d Dep't 2005) (suggesting that the State should pay for a court-appointed attorney for the child in a custody proceeding), with Plovnick v. Klinger, 781 N.Y.S.2d 360, 363-66 (2d Dep't 2004) (holding that courts may require one or both parents to pay for a court-appointed attorney for their children), there is no discernible disagreement that orders relating to the selection and compensation of court-appointed counsel for children are integral to the State court's ability to perform its judicial function in divorce and custody proceedings. The circumstances of this case therefore clearly fall within Sprint's third category: pending State civil proceedings involving orders "uniquely in furtherance of the state

6

courts' ability to perform their judicial functions."[1] <u>Sprint</u>, 134 S. Ct. at 591 (quotation marks omitted); <u>see also</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 14 (1987) (cautioning that the district court should "stay its hand" where there are pending State proceedings involving the enforcement of orders and judgments out of "respect for the ability of state courts to resolve federal questions presented in state-court litigation").

Accordingly, we conclude that, despite its error in applying the <u>Spargo</u> factors, the District Court correctly abstained from exercising federal jurisdiction under <u>Sprint</u>.

**CONCLUSION**

We have considered Falco's remaining arguments, including that he had no avenue in the New York State courts to further appeal or otherwise challenge the attorney appointment order, and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

---

[1] <u>Middlesex</u> and <u>Spargo</u>, by contrast, arose from pending, "quasi-criminal" State ethics investigations of attorney misconduct and judicial misconduct, respectively. They therefore involved the second exceptional circumstance identified in <u>Sprint</u>, namely, "civil enforcement proceedings." <u>Sprint</u>, 134 S. Ct. at 591.