16-135-cv
*Jones v. County of Westchester*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand and seventeen.

Present:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges,*
> ALISON J. NATHAN,*
> > *District Judge.*

---

LATONIA JONES, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD D.J.

> *Plaintiff-Appellant,*

> v.                                                          16-135-cv

COUNTY OF WESTCHESTER, ROSA HAZOURY, ELKE KNUDSEN,

> *Defendants-Cross Defendants-*
> *Appellees,*

---

\* Judge Alison J. Nathan, United States District Court for the Southern District of New York, sitting by designation.

1

16-135-cv
*Jones v. County of Westchester*

LISA COLIN,

        *Defendant-Cross Claimant-*
        *Appellee.*

---

| | |
|---|---|
| For Appellant: | MICHAEL D. METH, Meth Law Offices, P.C., (Stephen Bergstein, Bergstein & Ullrich, LLP *on the brief*), Chester, New York. |
| For Defendants-Cross Defendants-Appellees: | LINDA TRENTACOSTE, Associate County Attorney, (James Castro-Blanco, Chief Deputy County Attorney, Allison Burns, Assistant County Attorney *on the brief*), *for* Robert F. Meehan, Westchester County Attorney, White Plains, New York. |
| For Defendant-Cross Claimant-Appellee: | WILLIAM MARTIN, Martin & Colin, P.C., White Plains, New York. |

---

Appeal from an order of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the stay is **VACATED** and the case is **REMANDED** for further proceedings.

This is an appeal from a stay imposed by the district court based on its invocation of the abstention doctrine first announced in *Younger v. Harris*, 401 U.S. 37 (1971). We review the district court's decision to abstain *de novo*. *Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015). We assume the parties' familiarity with the underlying

2

facts, the procedural history, the district court's rulings, and the arguments presented on appeal.[1]

Although they are courts of limited jurisdiction, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given [to] them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). *Younger* abstention, however, is one of the "extraordinary and narrow exception[s]," *id.* at 813, 817, to that obligation. *Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (defining "*Younger*'s scope"); *see generally Younger*, 401 U.S. at 43–45.

The Supreme Court has noted that "the extent to which the *Younger* doctrine applies to a federal action seeking only monetary relief" is an open question. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). But because *Younger* abstention focuses primarily on federal courts interfering with and disrupting ongoing state proceedings, we have in the past held that abstaining from cases involving efforts only to obtain money damages is inappropriate. *See, e.g.*, *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000) ("[W]e hold that *Younger* abstention is not appropriate

---

[1] This Court exercises jurisdiction over this appeal of the district court's non-final order to stay because our appellate jurisdiction under § 1291 has long been given a "practical rather than a technical construction," so that a court may exercise appellate jurisdiction over a collateral order if the decision is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Corp.*, 337 U.S. 541, 546 (1949). This is one of those cases.

with respect to Kirschner's claim for money damages under § 1983 . . . because it is a claim for money damages and not for declaratory or injunctive relief."); *Rivers v. McLeod*, 252 F.3d 99, 101–02 (2d Cir. 2001) (per curiam) ("[A]pplication of the *Younger* doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983."). That principle applies with equal force to this case.

The parties were clear in their briefs, and reaffirmed at oral argument, that this is a suit for money damages—and money damages only—based on alleged conduct that occurred in the past. There appears to be little chance that a potential award of money damages would interfere with or disrupt the permanency proceedings that are ongoing in Westchester County Family Court—proceedings concerned with determining the current health, well-being, status, and placement of the minor D.J. *See* Fam. Ct. Act § 1089. That the permanency proceedings may involve some of the same subject matter as this suit, such as D.J.'s treatment and care while in the custody of the Westchester County Department of Social Services, presents no bar to the district court's adjudication of the claims. *See Sprint*, 134 S. Ct. at 588. We therefore conclude that abstention in this case was inappropriate.

We express no view on the merits of the underlying claims. Although the parties expended much energy "debating" whether the complaint states claims upon which relief can be granted, the Oxford Union this is not. The sole question before us is whether the district court properly invoked *Younger* abstention and stayed the

4

case. We answer that question in the negative. Accordingly, the district court's stay

order is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk