Bukowski v. Spinner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of January, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

JOYELLE BUKOWSKI,

> *Plaintiff-Appellant*,

> v.                                                                  17-1658

JEFFREY ARLEN SPINNER, Family Judge, Court of State of New York, MARY BETH DANIELS, Law Guardian, JOANNE MERRIHUE, PHILIP J. CASTROVINCI, Attorney for Adam Saylor, DENNIS M. BROWN, Attorney, Suffolk County, LORI TOWNS, KATHLEEN TURNER, ADAM SAYLOR,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Joyelle Bukowski, pro se, Coram, NY.

**FOR DEFENDANTS-APPELLEES:**

**JEFFEREY A. SPINNER**

DAVID LAWRENCE III (Barbara D. Underwood, Solicitor General, and Andrew W. Amend, Senior Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

**MARY BETH DANIELS**

MATTHEW K. FLANAGAN, Catalano Gallardo & Petropoulous, LLP, Jericho, NY.

**JOANNE MERRIHUE, DENNIS M. BROWN, LORI TOWNS, KATHLEEN TURNER**

Brian C. Mitchell, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.

**PHILLIP J. CASTROVINCI**

Phillip J. Castrovinci, Esq., pro se, Smithtown, NY.

**ADAM SAYLOR**

Adam Saylor, pro se, Lake Grove, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joyelle Bukowski, pro se, filed an action under 42 U.S.C. § 1983 against a state family court judge, her child's law guardian, an attorney for New York Child Protective Services ("CPS"), three CPS workers, the father of her child, and the father's attorney, arguing that she suffered various constitutional injuries arising from temporary state-court orders related to her custody and visitation rights. The district court sua sponte dismissed Bukowski's complaint (without leave to amend) under both the domestic-relations exception to federal subject-matter jurisdiction and the *Rooker-Feldman* doctrine. *See* Fed. R. Civ. P. 12(h)(3). Bukowski appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

**1.** We review the district court's dismissal of Bukowski's complaint--under both the domestic relations exception and the *Rooker-Feldman* doctrine--de novo. *See Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). We may affirm the dismissal on either ground relied on by the district court, but we are also "free to affirm on any ground that finds support in the record." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 160 n.6 (2d Cir. 2017) (quoting *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)).

2

We affirm the dismissal of Bukowski's complaint on the ground that federal-court abstention is required under *Younger v. Harris*, 401 U.S. 37 (1971), insofar as Bukowski seeks declaratory or injunctive relief that would interfere with a "[s]tate court's ability to perform its judicial function in . . . [an ongoing] custody proceeding[]." *Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty.*, 805 F.3d 425, 428 (2d Cir. 2015), *cert. denied sub nom. Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cty.*, 136 S. Ct. 2469 (2016).

To the extent that Bukowski also seeks monetary damages, we decline to stay her federal suit pending resolution of the state proceeding because Bukowski's claims for damages plainly fail. *See Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000). Bukowski failed to raise any allegations against defendants Kathleen Turner and Dennis Brown. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004). Absolute immunity defeats the claims against Jeffrey Tavel (CPS's prosecutor), Jeffrey Spinner (the family court judge), Lori Towns (a CPS worker who testified against Bukowski), and Joanne Merrihue (another CPS worker who testified). *See Cornejo v. Bell*, 592 F.3d 121, 127–28 (2d Cir. 2010) (prosecutors); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (judges); *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983) (witnesses). To the extent that Bukowski attempts to state against any of those defendants a claim that is *not* barred by absolute immunity, *see Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994), she fails, *see Zemesky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987). Finally, the claims against Adam Saylor (the father of Bukowski's child), Philip Castrovinci (Saylor's lawyer), and Mary Beth Daniels (the child's law guardian)--which Bukowski brought under § 1983--must be dismissed because none of those defendants is a state actor, *see Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015), and Bukowski's oblique reference to those private actors conspiring with CPS to deprive her of her child is fatally conclusory or otherwise unsupported, *see Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Bukowski's complaint was properly dismissed.

**2.** We review de novo the district court's decision to deny Bukowski leave to amend on the ground that amendment would be futile. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). Notwithstanding the solicitude accorded to pro se plaintiffs, the court's decision was proper because the complaint, read liberally, "suggests that [Bukowski lacks] a claim" rather than merely "that she has inadequately or inartfully pleaded." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of Bukowski's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court