19-3987-cr
*Lowell v. Vermont Dep't for Children and Families*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> DENNY CHIN,
> > *Circuit Judges*,
> JANE A. RESTANI,
> > *Judge.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MIRIAM LOWELL, SETH HEALEY,
> *Plaintiffs-Appellants*,

v.

19-3987-cv

VERMONT DEPARTMENT OF CHILDREN AND
FAMILIES, "DCF," KENNETH SCHATZ, COMMISSIONER,
DCF, KAREN SHEA, DEPUTY COMMISSIONER FOR THE
FAMILY SERVICES DIVISION ("FSD"), DCF, CHRISTINE
JOHNSON, DEPUTY COMMISSIONER FOR FDS, DCF,

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

EMILY CARRIER, DISTRICT DIRECTOR, DCF,
CATHERINE CLARK, DIRECTOR, COMMISSIONER'S
REGISTRY REVIEW UNIT, DCF,  KATHLEEN SMITH,
FAMILY SERVICES SUPERVISOR,CHRISTINE GADWAH,
FAMILY SERVICES WORKER, DCF, KATHLEEN
GREENMUN, SUBSTANTIATION HEARING OFFICER,
DCF,

          *Defendants-Appellees,*

JOHN AND JANE DOES 1-10,

          *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFFS-APPELLANTS:      COLIN R. HAGAN, Shlansky Law Group,
                                      LLP, Chelsea, Massachusetts.

FOR DEFENDANTS-APPELLEES:      BENJAMIN D. BATTLES, Solicitor General, for
                                        Thomas J. Donovan, Jr., Attorney General,
                                        Montpelier, Vermont.


      Appeal from the United States District Court for the District of Vermont

(Crawford, *Ch. J.*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED**.

      Plaintiffs-appellants Miriam Lowell and Seth Healey ("plaintiffs") appeal

the decision of the district court issued November 18, 2019, denying their motion for a

temporary restraining order and preliminary injunction.  Plaintiffs brought the action

below seeking declaratory and injunctive relief, and damages against defendant-

appellant Vermont Department for Children and Families ("DCF") and certain DCF

- 2 -

officials.  DCF had brought a proceeding against plaintiffs seeking to investigate and determine whether to substantiate a report of child abuse or neglect based on purportedly false allegations.  Plaintiffs sought injunctive relief to stop DCF from conducting an administrative hearing and listing their names on Vermont's child protection registry.  In its ruling, the district court concluded that the *Younger* abstention doctrine barred plaintiffs' claims for injunctive relief.  *See Younger v. Harris*, 401 U.S. 37 (1971).   The court also denied defendants' motion to dismiss the action, noting that *Younger* abstention did not apply to plaintiffs' claims for damages.  This appeal followed.  We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

We review *de novo* whether the requirements for abstention have been met.  *See Disability Rights New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2d Cir. 2002).  Although the findings of facts are reviewed for clear error, whether those facts support a finding that the case meets an exception to the *Younger* abstention doctrine is a mixed question of law and fact that is reviewed *de novo*.  *See id.* at 198.

As a general matter, *Younger* abstention requires federal courts to abstain from exercising jurisdiction over state-level proceedings.  Three types of proceedings trigger *Younger* abstention: 1) "ongoing state criminal prosecutions," 2) state "civil enforcement proceedings," and 3) proceedings involving state courts "perform[ing] their

- 3 -

judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. U.S. 69, 70 (2013).

Moreover, after applying the categorical *Sprint* approach, this court will consider three additional, non-dispositive factors to determine whether abstention is appropriate: 1) whether there is a "pending state proceeding," 2) whether that proceeding "implicates an important state interest," and 3) whether "the state proceeding affords an adequate opportunity for judicial review of . . . federal constitutional claims." *Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Altogether, even if *Younger*'s prerequisites are satisfied, a federal court may exercise jurisdiction if the plaintiff can make a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Id.* (quoting *Younger*, 401 U.S. at 54).

The district court correctly concluded that Vermont's substantiation process is akin to a criminal prosecution, falling within *Younger*'s second category. In determining whether a civil enforcement action is akin to a criminal proceeding, we consider whether the action involved a state sanctioning a party "for some wrongful act," was "initiated [by the State] to sanction the federal plaintiff," and involved "[i]nvestigations [that] culminat[e] in the filing of a formal complaint or charges." *Sprint*, 571 U.S. at 79-80. The substantiation process at issue here possessed these features. Therefore, DCF's proceeding constituted an ongoing state proceeding akin to a criminal prosecution.

The substantiation proceedings also satisfy the additional *Middlesex* factors. Vermont has a vital interest in protecting the well-being of its children. *See Moore*, 442 U.S. at 435 ("Family relations are a traditional area of state concern."). Moreover, the state proceedings provide a sufficient forum for review of federal constitutional claims. After an accusation of wrongdoing, DCF can initiate an investigation. Vt. Stat. Ann. Tit. 33 § 4915, 4915a, 4915b. If DCF finds that the claims are substantiated, it provides notice of that fact to the accused. It also informs the accused that DCF can place the individual on the child protection registry. Vt. Stat. Ann. tit. 33 § 4916a(a). The accused is notified of the right to request administrative review of the decision, *id.*, which is conducted by a neutral arbiter who is not an employee of DCF, *id.* § 4916a(f). The burden of proof rests on DCF and the accused has the right to present documentary evidence and other evidence. *Id.* §§ 4916a(d), a(e). A person's name is not placed on the registry until after the accused is granted an administrative review, and the substantiation is upheld. *Id.* § 4916a(h). The accused can appeal that decision to the Human Services Board. *Id.* §§ 4916a(i), b. That decision, in turn may be appealed to the Vermont Supreme Court. *Id.* tit. 3 § 3091(f). Accordingly, plaintiffs have an opportunity to raise their constitutional claims at the hearing before the Human Services Board and before the Vermont Supreme Court.

Plaintiffs argue that this review of their constitutional claims arrives too late, beyond the point that their names are listed on the child protection registry,

potentially affecting their employment in an irreparable way. Plaintiffs' names, however, have not been placed on the child-protection registry, as the state has not held the administrative review for reasons not entirely made clear by the record. Moreover, in *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 79 (2d Cir. 2003), this Court held that the "*ability* to raise constitutional claims in subsequent 'state-court judicial review of [an underlying] administrative proceeding' is sufficient to provide plaintiffs with a meaningful opportunity to seek effective relief through state proceedings and bar federal courts from taking jurisdiction over the same claims while the state proceeding is pending" (emphasis added). Thus, the state process provides sufficient opportunity to raise constitutional claims.

Plaintiffs also argue that the district court should have applied the "bad faith" exception to *Younger*, and exercised jurisdiction because they have shown "bad faith" and "harassment" by defendants. *Diamond "D,"* 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54). The district court correctly held that the actions alleged in the complaint are not sufficient to sustain a finding of bad faith. To show bad faith, a plaintiff must show that "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive" and "ha[s] no reasonable expectation of obtaining a favorable outcome." *Diamond "D,"* 282 F.3d at 199. A state proceeding that "is legitimate in its purposes, but unconstitutional in its execution -- even when the violations of constitutional rights are egregious -- will not warrant the application of the

bad faith exception." *Id.* (internal citation omitted). Here, the case was initially brought to the attention of a mental health counselor by the accusations of Lowell's daughter, not by the reporting of a DCF employee. Hence, the suggestion that the state proceeding was therefore initiated with a harassing or retaliatory motive, or that the state had no reasonable expectation of a favorable outcome, is not plausible, and plaintiffs have not met their burden of showing that the bad faith exception should apply.

We have reviewed plaintiffs' remaining arguments on appeal and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court denying plaintiffs' claims for a temporary restraining order and preliminary injunctive relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk