19-4003-cv
*Toczek v. Alvord*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand and twenty-one.

PRESENT:
        AMALYA L. KEARSE,
        JOSEPH F. BIANCO,
        STEVEN J. MENASHI,
                *Circuit Judges.*

_____

Aleksandra Toczek,

            *Plaintiff-Appellant*,

        v.                                                                      19-4003

Bethany J. Alvord, Judge, Alexandra D. DiPentima, Chief Judge, Douglas S. Lavine, Judge, Robert J. Devlin, Judge, Christine E. Keller, Judge, Eliot D. Prescott, Judge, Nina F. Elgo, Judge, William H. Bright, Jr., Judge, Ingrid L. Moll, Judge, Robert L. Genuario, Judge,

            *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Aleksandra Toczek, pro se,
                                            Weston, CT.


FOR DEFENDANTS-APPELLEES:                    Alayna M. Stone, Assistant
                                            Attorney General (Clare
                                            Kindall, Solicitor General, *on
                                            the brief*), *for* William Tong,
                                            Attorney General of the State
                                            of Connecticut, Hartford, CT.


Appeal from an order of the United States District Court for the District of Connecticut (Meyer, *J.*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Aleksandra Toczek, proceeding pro se, appeals the district court's order denying her motion for a preliminary injunction. Toczek names as defendants one judge from the Connecticut Superior Court and nine judges of the Connecticut Appellate Court. She alleges, among other things, that the judges violated her procedural due process rights under 42 U.S.C. § 1983 during foreclosure proceedings in Connecticut state courts that occurred after the Connecticut Superior Court had entered a judgment of strict foreclosure with respect to a property Toczek owned. More specifically, she challenges an order issued by the Superior Court judge, affirmed by the appellate court, which terminated all future "appellate stays" in regard to her foreclosure proceedings. She asserts that those courts were without authority to terminate stays that automatically halt foreclosure proceedings when an appeal is filed. *See* Conn. Practice Book § 61-11(a) ("Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has

expired."). [1]   Toczek further contends that the Superior Court order and the accompanying appellate affirmance denied her the right to due process in that she was unable to seek redress of that violation because the ruling was not appealable to the Connecticut Supreme Court or the Supreme Court of the United States.

In the federal district court, Toczek filed a motion for a preliminary injunction requesting that the district court (1) reinstate her appellate stays, (2) enjoin the Connecticut Superior Court from terminating future appellate stays, and (3) enjoin the appellate court from upholding such terminations during the course of her foreclosure action.   The district court denied the motion, holding, *inter alia*, that "federal district judges do not have general authority to review the actions of state court judges, especially the discretionary actions of state court judges whether to grant a motion to stay."   App'x at 7 (citing *Hussian v. U.S. Bank Nat'l Ass'n*, No. 18cv3250, 2018 WL 2744725, at *2 (E.D.N.Y. June 7, 2018) (holding that any challenge to a pending foreclosure proceeding in state court is barred by *Younger* abstention)).   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendants-Appellees argue, among other things, that the district court's order should be affirmed based on the *Younger* abstention doctrine.   We agree. [2]   "We review *de novo* the

---

[1] The Connecticut Practice Book provides rules of practice and procedure in Connecticut state courts. Conn. Practice Book § 1-1(a).

[2] Defendants also argue that the Eleventh Amendment to the United States Constitution bars Toczek's claims against all the defendants.   It has long been held that the Eleventh Amendment does not bar claims that allege an ongoing violation of federal law and seek prospective relief.   *See Ex Parte Young*, 209 U.S. 123 (1908).   However, we need not address that argument because, as explained below, we find that abstention is required.   *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998) (noting that courts may determine whether *Younger* abstention applies before addressing jurisdictional issues).

essentially legal determination of whether the requirements for abstention have been met." *Disability Rts. N.Y. v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (quotation marks omitted). The *Younger* abstention doctrine—initially set out in *Younger v. Harris*, 401 U.S. 37 (1971)—provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). Application of this doctrine, however, is limited; such abstention is applicable in only three circumstances: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013); *Schorr v. DoPico*, 686 F. App'x 34, 36 (2d Cir. 2017) (summary order) (stating *Sprint* clarified the three "exceptional circumstances" in which courts should abstain under *Younger* (quotation marks omitted)).[3]

This case falls within the third category. Toczek's federal lawsuit implicates the Connecticut Superior Court's right to terminate automatic stays in her foreclosure proceedings, Conn. Practice Book § 61-11(d), and the Connecticut Appellate Court's right to review such a ruling, *id.* § 66-6. The court decisions that form the basis of her claim occurred years after a

---

[3] In determining whether *Younger* abstention is warranted, courts have previously applied a three-factor test, which examined whether: "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo*, 351 F.3d at 75. "[I]t remains unclear how much weight" should be afforded to these factors after the Supreme Court's decision in *Sprint*. *Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015). These additional factors, however, become relevant only after applying "the straightforward categorical approach required by *Sprint*." *Id.*; *see Lowell v. Vt. Dep't of Children & Families*, No. 19-3987, 2020 WL 7038598, at *1 (2d Cir. Dec. 1, 2020), *as amended* (Dec. 15, 2020) (summary order).

Connecticut state court entered a judgment of strict foreclosure. Toczek asked the district court, and now asks this Court, to vacate these related state court rulings and mandate that the Connecticut state courts refrain from issuing any other similar orders regarding the automatic stays. However, these orders relating to Toczek's foreclosure are "uniquely in furtherance of the state courts' ability to perform their judicial functions" and "implicate a state's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73 (quotation marks omitted). Therefore, abstention is required. *See id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (cautioning that a federal district court should "stay its hand" where there are pending state proceedings involving the enforcement of orders and judgments out of "respect for the ability of state courts to resolve federal questions presented in state-court litigation"); *Kaufman v. Kaye*, 466 F.3d 83, 87 (2d Cir. 2006) (abstaining where plaintiff requested declaration that New York State's system for assigning cases among panels of appellate judges violated the Constitution); *Falco*, 805 F.3d at 427-28 (holding that, pursuant to "*Sprint*'s third category," the district court properly abstained from entertaining a "lawsuit [that] implicate[d] the way that [state] courts manage their own divorce and custody proceedings"); *El Bey v. Bellis*, No. 19cv336, 2019 WL 2502929, at \*4 (D. Conn. June 17, 2019) ("Indeed, a state foreclosure action is one of the types of actions in which federal courts abstain from interfering, pursuant to *Younger*." (quotation marks and alteration omitted)) (collecting cases), *appeal dismissed sub nom. Fabiola Is Ra El Bey v. Bellis*, No. 19-2131, 2020 WL 3989534 (2d Cir. Apr. 10, 2020) (dismissed "because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)").

5

Toczek argues that she "cannot present her federal contention to the state Supreme Court or the United States Supreme Court as a final judgment" and that, therefore, "the state procedures are inadequate" and abstention should not apply. Toczek Reply Br. at 6. However, she offers no reason why she could not have presented her due process arguments to the Connecticut Superior and Appellate Courts. *See* Conn. Practice Book § 66-6 ("The [appellate] court may, on written motion for review stating the grounds for the relief sought, modify or vacate . . . any order made by the trial court concerning a stay of execution in a case on appeal . . . ."); *see also El Bey*, 2019 WL 2502929, at *5 ("[Connecticut] Practice Book § 66-6 unquestionably provided Plaintiff with an opportunity to raise her federal challenges to the trial court's stay order . . . ." (quotation marks omitted)). Indeed, Toczek did in fact assert due process arguments to the Connecticut Appellate Court. Suppl. App'x at 76 (Toczek arguing that "[t]he due administration of justice requires that the Appellate stay remains").

We have held that "abstention is appropriate where the plaintiff has an 'opportunity to raise and have timely decided by a competent state tribunal' the constitutional claims at issue in the federal suit." *Spargo*, 351 F.3d at 77 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982)); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (reasoning that where it is "abundantly clear that appellees had an *opportunity* to present their federal claims in the state proceedings," "[n]o more is required to invoke *Younger* abstention"). Contrary to Toczek's contention, opportunity for review in the state courts was afforded to her despite the unavailability of immediate review by the Connecticut Supreme Court of the non-final order in connection with a discretionary denial of a motion to stay. *See, e.g.*, *Falco*, 805 F.3d at 428

6

(affirming dismissal under *Younger* abstention in connection with order regarding payment of attorneys' fees in child custody case for which interlocutory appeal was unavailable); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010) (dismissing claim under *Younger* abstention even though state order was not immediately appealable), *aff'd*, 434 F. App'x 32 (2d Cir. 2011). Here, Toczek has "made no showing that the [s]tate's laws, procedures, or practices would prevent [her] effective interposition of [her] federal contentions." *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000). Accordingly, abstention is required, and the district court did not err in denying Toczek's motion for a preliminary injunction.

We have considered all of Toczek's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court denying Toczek's motion for a preliminary injunction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7