25-465-cv
*216 East 29th Street Trust v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> ROBERT D. SACK,
> EUNICE C. LEE,
> *Circuit Judges.*

———————————————————————

216 EAST 29TH STREET TRUST,

> *Plaintiff-Appellant,*

v.                                                                 No. 25-465-cv

CITY OF NEW YORK,

> *Defendant-Appellee,*

SAFE HORIZON, INC.,

> *Intervenor-Defendant-Appellee.*[*]

———————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

For Plaintiff-Appellant:                CURTIS A. JOHNSON, Bond,
                                        Schoeneck & King, PLLC,
                                        Rochester, NY.


For Defendant-Appellee:                 ELISA DRUKER (Richard Dearing,
                                        Rebecca L. Visgaitis, *on the brief*),
                                        *for* Muriel Goode-Trufant,
                                        Corporation Counsel of the City of
                                        New York, New York, NY.


For Intervenor-Defendant-Appellee:      EVAN HENLEY (Edward Josephson,
                                        *on the brief*), The Legal Aid Society,
                                        New York, NY.

Appeal from a January 29, 2022, judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant 216 East 29th Street Trust (the "Trust") brought the underlying action against the City of New York, seeking a declaratory judgment invalidating Local Law 10, a city law banning income-source discrimination, as unconstitutional in violation of the Fourth Amendment and/or preempted by federal law. *See* N.Y.C. Local Law 10/2008; N.Y.C. Admin. Code § 8-107(5). Safe Horizon, Inc., a non-profit organization serving housing-insecure New Yorkers, intervened. The City and Safe Horizon each moved to dismiss the Trust's complaint for lack of jurisdiction and for failure to state a claim. The Trust cross-moved for summary judgment. The Trust now appeals from the district court's decision granting the motions to dismiss for lack of jurisdiction on *Younger* abstention, standing, and ripeness grounds, and dismissing the Trust's cross-motion for summary judgment as moot. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal,

to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

In 2008, the City Council of New York City (the "City") passed a law amending the New York City Human Rights Law ("NYCHRL") to ban income-source discrimination in housing. *See* N.Y.C. Local Law 10/2008; N.Y.C. Admin. Code § 8-107(5). The law aims to prevent landlords from discriminating against prospective tenants who intend to use government subsidies to pay some or all of their rent. The Emergency Housing Voucher program is one type of government housing subsidy and is administered through the federal program commonly known as Section 8. The U.S. Department of Housing and Urban Development ("HUD") provides funding to local public housing authorities ("PHAs"), who then administer Section 8 programs, such as the Emergency Housing Voucher program. 24 C.F.R. § 982.1. When an individual receives a Section 8 voucher, they must locate their own housing within a certain timeframe, or else their voucher may expire. *Id.* §§ 982.1(a)(2), 982.302, 982.303.

When a voucher recipient signs a lease, the landlord is required to enter into a Housing Assistance Payment ("HAP") contract with the relevant PHA. *Id.* §§ 982.1(b), 982.451. HAP contracts must be on HUD's required form. *Id.* § 982.451(a)(1); *see also* App'x at 115–26. The form contract requires that the unit owner maintain the housing unit according to Section 8's Housing Quality Standards ("HQS"), which in turn require the housing unit to meet certain criteria, such as having a functioning smoke detector and appliances, a properly equipped kitchen, proper ventilation, fire exits, and more. *See* 24 C.F.R. §§ 5.703, 982.1(a)(2); App'x at 120. Before a lease term begins for a voucher holder, the PHA must inspect the unit in question to determine that it satisfies the HQS. 24 C.F.R. § 982.305(b).

3

In addition, pursuant to the HAP contract, unit owners "must provide any information pertinent to the HAP contract that the PHA or HUD may reasonably require." App'x at 120. The HAP contract also requires that "[t]he PHA, HUD and the [federal] Comptroller General . . . have full and free access to the contract unit and the premises, and to all accounts and other records of the owner that are relevant to the HAP contract." *Id.* Further, unit owners "must grant such access to computerized or other electronic records, and to any computers, equipment or facilities containing such [relevant] records, and must provide any information or assistance needed to access the records." *Id.*

Relevant here, any person who believes they have experienced income-source discrimination in violation of Local Law 10 may file a complaint with the New York City Human Rights Commission (the "Commission"), which enforces the NYCHRL. N.Y.C. Admin. Code §§ 8-101, 8-109. After an individual files a complaint, the respondent files an answer, and the Commission investigates the complaint's allegations to determine if there is probable cause. *Id.* §§ 8-111, 8-114, 8-116. If there is, the case is transferred to an administrative law judge at the Office of Administrative Trials and Hearings ("OATH") for adjudication. *Id.* At OATH, the parties can seek discovery and engage in motion practice before the administrative law judge, who ultimately issues a report and recommendation that includes findings of fact and conclusions of law. *Id.* §§ 8-117, 8-119, 8-120. The Commission then reviews the administrative law judge's report and issues an order, which can include relief and civil penalties for the victim if the Commission determines that unlawful discrimination has occurred. *Id.* §§ 8-120, 8-126. Judicial review of Commission orders is available through an Article 78 proceeding in the state court system. *Id.* § 8-123; *see Marine Holdings, LLC v. N.Y.C. Comm'n on Hum. Rts.*, 31 N.Y.3d

4

1045, 1046 (2018).

In this case, on July 26, 2023, Emergency Housing Voucher recipient Dmitri Derodel contacted the Trust's property manager seeking to rent an apartment in the building owned by the Trust. The property manager was not familiar with Local Law 10 and told Derodel via email that the Trust "d[id] not accept vouchers." App'x at 54. Derodel reported the refusal to the Commission, which in turn informed the property manager that its refusal to rent to Derodel based on his source of income violated the City's anti-discrimination law. The Trust's property manager then agreed to move forward with Derodel's application. Because the owner of the unit was required to sign certain documents to participate in Section 8, the Commission reached out to the Trust for signature.

Upon learning that the Emergency Housing Voucher program was governed by Section 8, however, the Trust declined to execute the documents; instead, according to the Commission, the Trust "made various excuses for failing to . . . provide the necessary signatures." App'x at 55. After several months of back-and-forth between the Trust and the Commission, the Commission informed the Trust that Derodel's Section 8 voucher was in jeopardy of cancellation if the Trust did not submit the required documentation by January 26, 2024. The Commission further informed the Trust that it would proceed with filing an administrative complaint against the Trust for lawful source of income discrimination if it did not complete the forms by the deadline.

The Trust did not complete the necessary paperwork by the January 26 deadline. Instead, on January 26, before any complaint was filed with the Commission, the Trust filed this lawsuit. Ten days later, Derodel signed and filed the administrative complaint before the Commission.

**DISCUSSION**

On appeal, the Trust argues that Local Law 10 is unconstitutional because it coerces landlords to consent to searches of their rental properties and their books and records through the Section 8 program. It further argues that Local Law 10 is preempted by the federal law provisions of Section 8 and its implementing regulations. For the reasons described below, however, we agree with the district court that dismissal of the Trust's complaint on the basis of *Younger* abstention is proper here. *See Younger v. Harris*, 401 U.S. 37 (1971). Because dismissal is appropriate on *Younger* grounds, we do not address the merits of the Trust's claims.

"We review *de novo* the essentially legal determination of whether the requirements for abstention have been met." *Disability Rts. N.Y. v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (internal quotation marks omitted). When a "defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993) (internal quotation marks omitted).

"In general, 'federal courts are obliged to decide cases within the scope of federal jurisdiction.'" *Disability Rts. N.Y.*, 916 F.3d at 133 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). That said, under the doctrine of *Younger* abstention, there are "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Id.* Thus, federal courts "should abstain from exercising jurisdiction only in three 'exceptional circumstances' involving (1) 'ongoing state criminal prosecutions,' (2) 'certain civil

6

enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Sprint Commc'ns, Inc.*, 571 U.S. at 78)). If one of those three "exceptional circumstances" is present, courts then consider whether the pending state proceeding "implicates an important state interest" and whether "the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id.*

The Trust first argues that *Younger* is inapplicable because, according to the Trust, *Younger* abstention cannot apply to facial challenges, and it brings a facial challenge to Local Law 10. We assume arguendo that the Trust's challenge is facial. But, contrary to the Trust's assertion, there is no rule that *Younger* abstention cannot apply to facial challenges. Indeed, *Younger* itself involved a facial challenge. *See Younger*, 401 U.S. at 40, 49–53 (abstaining even though the case presented the issue of whether the underlying state law was "constitutional on its face"); *see also Lawson v. City of Buffalo*, 52 F. App'x 562, 563 (2d Cir. 2002) (affirming dismissal of facial challenge on *Younger* grounds). As a result, assuming arguendo that the Trust brings a facial challenge, *Younger* may still apply.

The question, then, is whether *Younger* abstention in fact applies here. The Trust does not dispute that there is a pending state enforcement proceeding that implicates an important state interest. *See Falco*, 805 F.3d at 427. Thus, the only remaining factor for determining abstention is whether the pending state proceeding affords the Trust adequate opportunity for judicial review of its constitutional claims. *See id.* The Trust argues that it does not. We disagree.

As explained above, judicial review of Commission orders is available through Article 78

7

proceedings in the state court system. *See* N.Y.C. Admin. Code § 8-123; *Marine Holdings, LLC*, 31 N.Y.3d at 1046 (2018). When a plaintiff brings an Article 78 proceeding for review of an administrative action and seeks to include a facial constitutional challenge, the state court can convert the proceeding to a hybrid Article 78/declaratory judgment proceeding in which it can adjudicate facial constitutional challenges. Indeed, the New York state courts regularly do so. *See, e.g.*, *Pilarz v. Helfer*, 148 A.D.3d 1714, 1715–16 (4th Dep't 2017) (adjudicating a facial challenge through such a proceeding); *MHC Greenwood Village NY, LLC v. County of Suffolk*, 58 A.D.3d 735, 738–39 (2d Dep't 2009) (same). The Trust, then, has the opportunity to seek judicial review of its facial claims through a hybrid Article 78/declaratory judgment proceeding after the conclusion of the Commission proceeding. As a result, the Trust has adequate opportunity for judicial review of its facial constitutional claims.

The same is true if the Trust's claims are more appropriately deemed as-applied challenges. As-applied challenges can be adjudicated through the OATH process, and OATH's determination can be reviewed through Article 78 proceedings. *See* Memorandum Decision at 22–27, *Dep't of Sanitation v. Ponzio,* OATH Index. No. 265/05 (OATH Mar. 22, 2005), *as modified by Comm'r Dec.* (Apr. 11, 2005), https://nyc-acc.mindbreeze.com/search/apps/cityadmin/documents/oath/05-265.pdf [https://perma.cc/EEA8-97ET] (adjudicating the constitutionality of a search); *Univ. Club v. City of New York*, 842 F.2d 37, 40 (2d Cir. 1988) ("New York case law abundantly supports the conclusion that constitutional claims arising from the *application* of a statute may be raised in an Article 78 petition."); *cf. Hudson Shore Assocs. Ltd. P'ship v. New York*, 139 F.4th 99, 110 (2d Cir. 2025) ("Article 78 has been used for decades to challenge the reasonableness of regulatory searches under the Fourth Amendment.") (collecting cases).

8

The same is true for the Trust's preemption challenge, which can be addressed through the OATH proceeding in the first instance, and then reviewed in the state courts through Article 78. *See* Memorandum Decision at 4–5, *Comm'n on Hum. Rts. ex rel. Shmushkina v. New Brooklyn Realty*, OATH Index Nos. 2541/08, 2542/08, 2543/08 (OATH Jan. 2, 2009), https://archive.citylaw.org/wp-content/uploads/sites/17/oath/08_Cases/08-2541md.pdf [https://perma.cc/V7GJ-UN2Q] (adjudicating a preemption challenge to Local Law 10); *Univ. Club*, 842 F.2d at 40. Thus, the district court correctly concluded that "the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of [its] federal constitutional claims," and abstention is therefore appropriate. *Falco*, 805 F.3d at 427.

\* \* \*

For the reasons set forth above, we conclude that abstention is proper in this case. Because we affirm on *Younger* grounds, we do not reach the other grounds that the district court relied on for dismissal—namely, ripeness and standing. *See M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 245 (2d Cir. 2015) ("[W]e are entitled to affirm the judgment on any basis that is supported by the record." (quotation marks omitted)). Moreover, because we affirm the district court's dismissal on Rule 12(b)(1) grounds, we do not reach the parties' arguments on the merits of this case. *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019). Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court