SUMMARY ORDER

Plaintiff-appellant Monty Weinstein appeals pro se from an order of the United States District Court for the Eastern District of New York (Weinstein, J.), dismissing his complaint and denying his motions for recusal and for leave to amend his complaint. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
Plaintiff is a family therapist who was retained to testify on behalf of a noncustodial mother in a state court custody hearing. He alleges that the state court judge issued orders that denied him the ability to testify as an expert, and wrongly sanctioned the mother’s attorney for comments that he had made.
Plaintiffs complaint alleged violations of 42 U.S.C. § 1983 on the theory, inter alia, that the defendants insulted him and prevented his access to the courts.
On May 23, 2007, plaintiff moved for Judge Weinstein (no relation) to recuse himself because the judge had previously dismissed a prior case filed by plaintiff. Judge Weinstein denied the motion. After an amended complaint was filed, and the defendants moved to dismiss, plaintiff moved for leave to amend to add as a defendant the New York State Office of Court Administration. The motion also was denied. On the merits, Judge Weinstein dismissed on multiple grounds including, inter alia, sovereign immunity, absolute judicial immunity, qualified immunity and Younger abstention. See Younger v. Harris, 401 U.S. 37 (1971). Judge Weinstein also held that complaint failed to allege proximate cause because the “indirect damage to the career of a possible expert who is not permitted to appear by the [state] court is not a basis for a Section 1983 action.”
We affirm for substantially the reasons stated by the district court. Defendants Bogacz, McGowan, and Rood are protected by absolute judicial immunity; defendants Weinberger, Calderon, and Alomar are entitled to qualified immunity; and Younger abstention was appropriate in light of the then-pending appeals of the various sanctions orders entered in the state court proceeding.
Finding no merit in plaintiff-appellant’s remaining arguments, we hereby AFFIRM the judgment of the district court.