IN THE

# United States Court of Appeals

# For the Second Circuit

———

AUGUST TERM, 2021

SUBMITTED: MAY 6, 2022
DECIDED: MAY 31, 2022

No. 21-542-CV

A&B ALTERNATIVE MARKETING INC.,

*Plaintiff-Appellee,*

*v.*

INTERNATIONAL QUALITY FRUIT INC., H&A INTERNATIONAL FRUIT CORP.,
SHEROZ MAMAYEV, and ALON MAMAN,

*Defendants-Appellants.*

———

Appeal from the United States District Court
for the Eastern District of New York
No. 1:20-cv-3022-BMC – Brian M. Cogan, *District Judge.*

———

Before: WALKER, CALABRESI, CABRANES, *Circuit Judges.*

————

Defendants International Quality Fruit Inc., H&A International Fruit Corp., Sheroz Mamayev, and Alon Maman appeal from the February 22, 2021 order of the United States District Court for the Eastern District of New York (Brian M. Cogan, *J.*) denying their motion to dismiss for want of subject-matter jurisdiction and granting Plaintiff A&B Alternative Marketing Inc.'s motion for default judgment. On appeal, Defendants continue to argue that the District Court lacked subject-matter jurisdiction. They rely on the assumption that certain elements of a claim under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, are also jurisdictional requirements. But that assumption is incorrect. A federal court's subject-matter jurisdiction in a PACA case does not depend on the plaintiff's satisfaction of the various elements of a PACA claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006) (urging courts to treat statutory requirements as "nonjurisdictional in character" unless Congress makes clear that "a threshold limitation on a statute's scope shall count as jurisdictional"). Construing Defendants' jurisdictional challenges as arguments that the District Court abused its discretion in entering default judgment, we find that these arguments are without merit. We therefore **AFFIRM** the judgment of the District Court.

———————————————

Michael L. Henry, The MH Law Firm PLLC, New York, NY, *in support of Plaintiff-Appellee.*

Farrukh Nuridinov, Law Offices of Farrukh Nuridinov P.C., Brooklyn, NY, *in support of Defendants-Appellants.*

_____

CALABRESI, *Circuit Judge*:

This case requires us to determine whether certain statutory requirements for claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, are also jurisdictional requirements. Following the Supreme Court's clear guidance in this area, we conclude that these requirements are not jurisdictional, and we affirm the judgment of the District Court.

**BACKGROUND**

Plaintiff A&B Alternative Marketing Inc. ("A&B") filed a Complaint against Defendants International Quality Fruit Inc. ("IQF"), H&A International Fruit Corp. ("H&A"), Sheroz Mamayev, and Alon Maman, alleging violations of PACA stemming from Defendants' failure to pay A&B for produce purchased on credit. Defendants failed to answer or otherwise respond to the Complaint in the time prescribed by Rule 12(a) of the Federal Rules of Civil Procedure. The Clerk's Office of the District Court then entered a Certificate of Default, and A&B promptly moved for default judgment. Thereafter, Defendants appeared and filed a motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the District Court lacked subject-matter jurisdiction to hear A&B's claims.

After briefing, the District Court entered an order denying Defendants' 12(b)(1) motion and granting A&B's motion for default judgment, ordering that judgment be entered against IQF and Maman in the amount of $33,545.55; against

3

H&A, Maman, and Mamayev in the amount of $75,838.59; and against all Defendants in the amount of $400. *See A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 177 (E.D.N.Y. 2021). In denying Defendants' motion, the District Court explained that "modern authorities strongly suggest that the failure to meet the elements of a federal statute . . . do[es] not go to the court's subject[-]matter jurisdiction but the plaintiff's failure to state a claim." *Id.* at 174 n.2. Defendants appealed.

## DISCUSSION

On appeal, Defendants challenge the District Court's order only on the grounds that it lacked subject-matter jurisdiction to adjudicate A&B's claims. "We review the district court's legal conclusion as to whether subject[-]matter jurisdiction exists *de novo* and factual findings in connection with that determination for clear error." *Serv. Emps. Int'l Union Loc. 200 United v. Trump*, 975 F.3d 150, 152 (2d Cir. 2020) (per curiam).

Before us, Defendants raise two arguments: (1) that they were not "dealer[s]" for purposes of PACA as that term is defined in 7 U.S.C. § 499a(b)(6), and (2) that the transactions alleged in the Complaint were not transactions in "interstate or foreign commerce" as that phrase is defined in 7 U.S.C. § 499a(b)(3) and (b)(8). Defendants have styled these arguments as relating to the District Court's subject-matter jurisdiction. Because some district courts in our Circuit

have endorsed this characterization,[1] we write to clarify that these statutory requirements for a PACA claim are not *jurisdictional* requirements.

"[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (internal quotation marks omitted). Here, neither of the two statutory requirements Defendants rely on is jurisdictional. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."). Instead, both "appear in . . . separate provision[s] that 'do[] not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Id.* at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). Accordingly, both requirements "go to the merits of [A&B's] claim[s] rather than the adjudicative power of the court." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 398 (2d Cir. 2014).[2]

---

[1] *See, e.g.*, *A&J Produce Corp. v. Chang*, 385 F. Supp. 2d 354, 358-60 (S.D.N.Y. 2005) (treating PACA's "commission merchant, dealer or broker" requirement as jurisdictional); *see also Abraham Produce Corp. v. MBS Bros. Inc.*, No. 19-CV-2638 (NGG) (SLT), 2020 WL 1329362, *4-5 (E.D.N.Y. Mar. 23, 2020) (same); *Double Green Produce, Inc. v. F. Supermarket Inc.*, No. 18-CV-2660 (MKB) (SJB), 2019 WL 1387538, *3-6 (E.D.N.Y. Jan. 29, 2019) (magistrate judge's report and recommendation doing the same).

[2] It is true that "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). A&B's claims do not fall in that category.

Moreover, even if we consider Defendants' arguments as a challenge to the default judgment on the merits, we cannot say that the District Court "abused its discretion in granting a default judgment." *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). This is clearly so because "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (per curiam) (internal quotation marks omitted).

Defendants claim that A&B failed to "present any evidence" that they meet the statutory definition of "dealers." Appellants' Br. 6. In particular, Defendants assert that A&B failed to show that Defendants "engaged in the business of . . . selling in wholesale or jobbing quantities"[3] and that "the invoice cost of [their] purchases of perishable agricultural commodities in any calendar year [we]re in excess of $230,000." *See* 7 U.S.C. § 499a(b)(6). But A&B alleges that both IQF and H&A "purchased perishable agricultural commodities exceeding $230,000.00 annually and/or purchas[ed] at least 2,000.00 lbs. of perishable agricultural commodities on any one day." App. 10-11. Accordingly, A&B has sufficiently shown that Defendants meet the relevant statutory requirements.[4]

---

[3] The applicable regulation defines "wholesale or jobbing quantities" as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x); *see also* 7 U.S.C. § 499a(b)(6) (authorizing the Secretary of Agriculture to define "wholesale or jobbing quantities").

[4] If these requirements were jurisdictional in nature, Defendants would be disputing jurisdictional facts, and the default judgment would not require us to accept the jurisdictional

Second, and similarly, Defendants claim that A&B "fail[ed] to provide evidence" that the alleged transactions were carried out in "interstate or foreign commerce." Appellants' Br. 8. But A&B did allege that it sold produce in "interstate commerce," App. 10, and—as the District Court noted—A&B also "submitted evidence that it purchased the produce in question from Pennsylvania growers or merchants for resale in New York." *A&B Alternative Mktg.*, 521 F. Supp. 3d at 175; *see also* App. 149 (affidavit offered by A&B stating that "[t]he commodities that were sold to the Defendants . . . were originally purchased in Philadelphia, Pennsylvania . . . and Lancaster County, Pennsylvania"). Keeping in mind that A&B is "entitled to all reasonable inferences from the evidence offered," *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), we must conclude that A&B has sufficiently shown that the transactions were in "interstate or foreign commerce."

## CONCLUSION

We, therefore, **AFFIRM** the order of the District Court.

---

facts alleged by A&B as true. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted. This principle, however, has no bearing on an inquiry into whether the default judgment itself is void for lack of subject[-]matter jurisdiction.") (internal citations omitted). Because we determine that the requirements at issue are not jurisdictional, we accept the relevant facts as alleged in the Complaint.