22-2326-cv
*Weiss v. State of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-four.

PRESENT:     JON O. NEWMAN,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.
             GARY S. KATZMANN,
                  *Judge*.[*]

_____

PATRICIA WEISS,

 *Plaintiff-Appellant*,

   v.             No. 22-2326-cv

STATE OF NEW YORK; HONORABLE
JUSTICE JAMES HUDSON; JOHN
BUSIELLO,

 *Defendants-Appellees*.

_____

[*] Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

FOR PLAINTIFF-APPELLANT:          PATRICIA WEISS, Sag Harbor, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Brown, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 27, 2022, order of the District Court is **AFFIRMED.**

Plaintiff-appellant Patricia Weiss, a self-represented attorney, appeals from the September 27, 2022, order of the District Court sua sponte dismissing her complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Acting New York Supreme Court Justice James Hudson imposed sanctions on Weiss in connection with a state court nuisance action in which Weiss represented nonparty plaintiffs against John Busiello. See Whelan v. Busiello, 195 N.Y.S.3d 87 (2d Dep't 2023). Weiss thereafter commenced this action for declaratory and injunctive relief pursuant to 42 U.S.C. §1983 against Acting Justice Hudson, Busiello, and the State of New York. Weiss's complaint asserted various civil rights violations and challenged the constitutionality of several New York State statutes and regulations governing the imposition of sanctions. Two days after Weiss filed the fee-paid complaint, the District

2

Court sua sponte dismissed the complaint for lack of subject matter jurisdiction based on the Rooker-Feldman and Younger abstention doctrines.[1] Weiss timely appealed.

We review de novo a district court's legal determination as to the existence of subject matter jurisdiction. See A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 915 (2d Cir. 2022); see also Disability Rts. N.Y. v. New York, 916 F.3d 129, 133 (2d Cir. 2019) ("We review de novo the essentially legal determination of whether the requirements for abstention have been met." (citation and quotation marks omitted)). Because Weiss is an attorney, she is not entitled to the special solicitude ordinarily extended to self-represented litigants. See Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

We have previously recognized that a sua sponte dismissal without notice is a "bad practice in numerous contexts" and can be independent "grounds for reversal." Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 82-83 (2d Cir. 2018) (citation and quotation marks omitted); see also, e.g., Brookins v. Figuccio, No. 22-731-cv, 2023 WL 2579043, at *2 (2d Cir. Mar. 21, 2023) (summary order) (vacating no-notice sua sponte dismissal and remanding for further proceedings); Nwoye v. Obama, No. 22-1253-cv, 2023 WL 382950, at *1-2 (2d Cir. Jan. 25, 2023) (summary order) (same). Nevertheless, we have also recognized that such dismissals may be permissible where, inter alia, "it is unmistakably clear that the court lacks jurisdiction." Catzin, 899 F.3d at 82 (citation and

---

[1] These doctrines stem from Supreme Court decisions bearing the same names. See generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Younger v. Harris, 401 U.S. 37 (1971).

quotation marks omitted). While permitting Weiss to respond to the defects in her complaint would have been preferable, we nonetheless conclude that vacatur is not warranted because the District Court properly abstained under Younger.[2]

The Younger abstention doctrine provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." Spargo v. N.Y. State Comm'n on Jud. Conduct, 351 F.3d 65, 74 (2d Cir. 2003). Younger abstention applies to (1) state criminal prosecutions, (2) civil enforcement proceedings akin to criminal prosecutions, and (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013).

Weiss's complaint unmistakenly falls within the third category because (1) the state proceedings remain pending, (2) those proceedings implicate an important state interest, namely, New York's interest in enforcing the orders of its courts, and (3) the complaint in this action attacks the state court's ability to impose sanctions on litigants and attorneys practicing before it, including Weiss.[3] See Disability Rts. N.Y., 916 F.3d at 133; see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423,

---

[2] We agree with Weiss that the District Court incorrectly relied on the Rooker-Feldman doctrine in dismissing the complaint. State proceedings are insufficiently final to trigger Rooker-Feldman when, as here, an appeal before the state court remains pending. See Hunter v. McMahon, 75 F.4th 62, 70-71 (2d Cir. 2023). Nevertheless, "we may affirm on any ground supported by the record," NXIVM Corp. v. Ross Inst., 364 F.3d 471, 476 (2d Cir. 2004), and Younger abstention remains a sound basis for dismissal.

[3] Indeed, Weiss specifically sought injunctive and declaratory relief that would interfere with the resolution of the matter in state court by, for instance, barring the application of the statutes and rules under which sanctions were assessed against her.

4

434-35 (1982) ("The State's interest in the professional conduct of attorneys involved in the administration of criminal justice is of special importance . . . and . . . calls Younger abstention into play."); cf. Juidice v. Vail, 430 U.S. 327, 336 (1977) ("[I]nterference with the contempt process not only unduly interferes with the legitimate activities of the State, but also can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles." (citations, quotation marks, and footnote omitted)). Moreover, we see no reason why Weiss cannot raise her constitutional claims and arguments in her parallel state appeals. See Falco v. Justs. of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty., 805 F.3d 425, 427 (2d Cir. 2015). Finally, Weiss has not identified "bad faith, harassment or any other unusual circumstance" that would counsel against abstaining under Younger. Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

"[W]hen Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." Id. at 197. Accordingly, the District Court did not err in dismissing Weiss's complaint because "it is unmistakably clear that the court lack[ed] jurisdiction." Catzin, 899 F.3d at 82 (citation and quotation marks omitted); see also Weinstein v. Bogacz, 320 F. App'x 56, 57 (2d Cir. 2009) (summary order) ("Younger abstention was appropriate in light of the then-pending appeals of the various sanctions orders entered in the state court proceeding.").

*     *     *

5

We have considered Weiss's remaining arguments and find them to be without merit. Thus, for the foregoing reasons, we **AFFIRM** the September 27, 2022, order of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court