10-1664-cv
McKnight v. Middleton et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - -x

ANTHONY JEROME McKNIGHT,

> <u>Plaintiff-Appellant</u>,

> v.                                            10-1664-cv

DAWN MARIE MIDDLETON et al.,

> <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     ANTHONY JEROME McKNIGHT, <u>pro se</u>, Philadelphia, Pennsylvania.

FOR DEFENDANTS-APPELLEES:    DAWN MARIE MIDDLETON, <u>pro se</u>, Brooklyn, New York.

ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, Barbara D. Underwood,

Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, and Robert C. Weisz, Assistant Solicitor General, of counsel, <u>for</u> Appellees County of Kings Family Court, Robert Ratanski, John Doe, State of New York, Paula J. Hepner, and Other Unknown Persons, New York, New York.

LISA L. SHREWSBERRY, Traub Lieberman Straus & Shrewsberry LLP, <u>for</u> Appellees Harold A. Mayerson, Mayerson Stutman Abramowitz Royer LLP, and Sophie Jacobi, Hawthorne, New York.

JANET NEUSTAETTER, <u>for</u> Appellees Carol Sherman, Martha Schneiderman, and The Children's Law Center, Brooklyn, New York.

DENNIS J. DOZIS, Kaufman Borgeest & Ryan LLP, <u>for</u> Appellees Eileen Montrose and Louis Lauro, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Anthony Jerome McKnight appeals from the district court's dismissal of his Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The 130-page Amended Complaint asserted 72 claims

against defendants-appellees pursuant to, inter alia, 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1986, and 1988, the First, Fourth, Fifth, Ninth, Thirteenth, and Fourteenth Amendments, the Parental Kidnaping Prevention Act, the Americans with Disabilities Act, the Uniform Child Custody Jurisdiction and Enforcement Act, and federal and state wiretapping law, and for unlawful interference with his rights under a custody agreement, defamation, invasion of privacy, and intentional infliction of emotional distress. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

This Court reviews de novo the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

We have conducted an independent and <u>de</u> <u>novo</u> review of the record in light of these principles.  We affirm the district court's judgment for substantially the reasons stated by the district court in its thorough and well-reasoned memorandum order.

We have reviewed McKnight's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

4