22-642-cv
Cherner v. Westchester Jewish Cmty. Servs., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.

PRESENT:
> **ROBERT D. SACK,**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

Dan Cherner, on his own behalf and on behalf of all others similarly situated,

> *Plaintiff-Appellant*,

> v.                                            22-642

Westchester Jewish Community Services, Inc., Kathleen McKay,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | DAN CHERNER, pro se, The Cherner Firm, Rye, NY. |
| **FOR DEFENDANT-APPELLEE WESTCHESTER JEWISH COMMUNITY SERVICES, INC.:** | DANIEL W. MILSTEIN, Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY. |

FOR DEFENDANT-APPELLEE          BARBARA D. GOLDBERG, Martin Clearwater
KATHLEEN MCKAY:                 & Bell LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dan Cherner, an attorney proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]  Cherner sued Kathleen McKay, the court-appointed forensic evaluator in Cherner's child custody dispute, and Westchester Jewish Community Services, Inc. ("WJCS"), McKay's employer, under 42 U.S.C. § 1983 for alleged constitutional violations and under New York state law for fraud and negligent infliction of emotional distress.  Cherner primarily argues that (1) Defendants are state actors, and (2) they are not entitled to quasi-judicial immunity.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] The special solicitude typically afforded to pro se litigants does not apply here because Cherner is an attorney.  *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

Cherner's claims fail because Defendants are shielded from liability by quasi-judicial immunity, even assuming they were state actors. Private actors may be entitled to quasi-judicial immunity "if [their] role is 'functionally comparable' to the roles of . . . judges, or [their] acts are integrally related to an ongoing judicial proceeding." *Bliven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir. 2009) (internal citations omitted). Here, the family court ordered Defendants to conduct an evaluation and to prepare a report to aid that court's decision in a child custody suit. These acts are "integrally related to an ongoing judicial proceeding." *Id.*; *see McKnight v. Middleton*, 699 F. Supp. 2d 507, 528 (E.D.N.Y. 2010) (concluding that court-appointed forensic evaluators in a custody dispute were entitled to quasi-judicial immunity), *aff'd*, 434 F. App'x 32 (2d Cir. 2011). "[E]ngag[ing] in neutral fact-finding and advis[ing] the court . . . are intimately related and essential to the judicial process because they aid and inform the court in its discretionary duties." *Hughes v. Long*, 242 F.3d 121, 127 (3d Cir. 2001); *see also Brown v. Newberger*, 291 F.3d 89, 94 (1st Cir. 2002) (holding court-appointed evaluator was entitled to quasi-judicial immunity); *Hodgson v. Waters*, 958 F.2d 377 (9th Cir. 1992) (mem.) (same for a court-appointed psychologist). We thus agree with the district court that Defendants were entitled to quasi-judicial immunity.

We also conclude that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Cherner's state-law claims. 28 U.S.C. § 1367(c)(3); *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (explaining that once only state-law claims remain, it is well within a district court's discretion to decline to exercise supplemental jurisdiction).

We have considered all of Cherner's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court